IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.

DAVID D. BLASCZAK,

                    Defendant.

RECEIVED

AUG 1 4 2018

CHARLES J. SIRAGUSA
United States District Judge
Western District of New York

18-CR-6107 CJS

## PLEA AGREEMENT

The defendant, DAVID D. BLASCZAK, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a three-count Information charging:

    a.    In Count 1, a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a $100 special assessment and a term of supervised release of 5 years and up to life.

      b.      In Count 2, a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a $100 special assessment and a term of supervised release of 5 years and up to life.

      c.      In Count 3, a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a $100 special assessment and a term of supervised release of 5 years and up to life.

The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victim(s) as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the pleas of guilty based upon any restitution amount ordered by the Court.

3.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for each the offenses of conviction pursuant to Title 18, United States Code, Section 3014.

4.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 8 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in Paragraph 1 of this agreement.

5.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.  The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to

prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6.     The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.      ELEMENTS AND FACTUAL BASIS

7.     The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements for each of the crimes alleged in Counts 1 through 3:

a.     That the defendant knowingly received an image of child pornography;

b.     The image of child pornography had been shipped or transported in or affecting interstate or foreign commerce using any means or facility of interstate or foreign commerce; or had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

c.     At the time the defendant received the image, he believed what he received constituted child pornography.

-4-

## FACTUAL BASIS

8.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty, including relevant conduct:

a.      Between September 1, 2015 and January 18, 2018, in the Western District of New York, the defendant knowingly received images and videos of child pornography that had been transported in or affecting interstate or foreign commerce by the internet and a computer.

b.      Specifically, while at his home in Newark, New York, the defendant subscribed to a website "Website M," which offered child pornography for purchase.  The defendant created an account and using an internet based payment processer, purchased child pornography from "Website M." The child pornography was emailed to the defendant in Newark, NY.  The child pornography crossed state lines and was transported in and affecting interstate and foreign commerce, that is, by computer and the internet.

c.      The defendant knowingly received images and videos depicting prepubescent children engaged in sexual conduct with adults and other children.  Some of the videos and images received by the defendant depicted prepubescent children subjected to sadistic and masochistic sexual abuse, and the sexual abuse or exploitation of infants and toddlers.

d.      In total, the defendant knowingly received and/or possessed approximately 2557 images and 78 videos depicting child pornography. These include the images and video that the defendant received as described in Counts 1 through 3 of the Information.

e.      The defendant acted knowingly, in that he knew that the digital photos and videos he received constituted child pornography as defined by Title 18, United States Code, Section 2256, and that it was his purpose to obtain such materials.

f.      The defendant engaged in a pattern of activity as defined United States Sentencing Guidelines § 2G2.2(b)(5) involving the sexual abuse or exploitation of minors as follows:

(1)   Between approximately 1990 and 2000, the defendant hosted slumber parties at the defendant's home, in which minor females between the ages of 7 and 12 would attend.  On several occasions, the defendant entered the room where the minor females were sleeping, manipulated their clothing and subjected them to sexual contact, which

typically consisted of the defendant touching the minors' vaginas, buttocks, legs, and chests through clothing. At times, the defendant removed the minors' clothing and masturbated in their presence, while the minors were sleeping. The defendant also took photographs of the minors' exposed chests, buttocks, and legs when he was able to remove their clothing. The defendant would later masturbate to said images. The defendant reported to Homeland Security Agents that he engaged in as many as 40 different incidents of sexual conduct as described above, involving approximately 8 to 10 minor females. The defendant provided the names of several of the minor females, who were subsequently interviewed by Homeland Security and verified the same.

(2) In addition to the above, the defendant also stole children's underwear from various places, including a friend's house and his step-grandson's school. The defendant stole children's underwear for his sexual gratification. In one instance, the defendant stole a dirty pair of child's underwear from a hamper at a friend's house, which he placed in a plastic baggie to "preserve the odor." The defendant stated that in this instance, the child who wore the underwear was "sexually alluring" and that he thought the underwear would remind him of her.

(3) In addition to the above, the defendant, who is a physician, was employed at a particular medical practice in Clyde, NY, between 1991 and 2016. In his position, the defendant took nude photographs of the genitals of multiple minor female patients at his medical office. The defendant's stated purpose was that the photographs were needed for a "study." The "study" was neither sanctioned, funded, or approved by any official medical body or learning institution. The photographs focused entirely on the children's genital areas, and sometimes involved the children's mothers digitally spreading the children's vaginas while the defendant took photographs. The defendant admits his purpose for taking the photographs was partly for medical training/research and partly for his own sexual gratification. The defendant admits that he frequently masturbated to the pictures of his child patients before destroying them. During a search of the defendant's medical office, Homeland Security Agents discovered prepubescent child sex dolls, a photograph in a "teaching file" depicting an apparent minor female patient's vagina, and novels that the defendant wrote concerning the sexual abuse of children.

## III.   SENTENCING GUIDELINES

9.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

10.    The government and the defendant agree that Guidelines § 2G2.2(a)(2) applies to the offenses of conviction and provides for a base offense level of 22.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.    The government and the defendant agree that the following specific offense characteristics do apply:

a.     The **two-level** increase pursuant to Guidelines § 2G2.2(b)(2) (the material involved prepubescent minors, who had not attained the age of 12 years);

b.     The **four-level** increase pursuant to Guidelines § 2G2.2(b)(4) (the offense involved material that portrays sadistic or masochistic conduct or the sexual abuse or exploitation of an infant or toddler);

c.     The **five-level** increase pursuant to Guidelines § 2G2.2(b)(5) (the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor);

d.     The **two-level** increase pursuant to Guidelines § 2G2.2(b)(6) (the offense involved the use of a computer);

e.     The **five-level** increase pursuant to Guidelines § 2G2.2(b)(7)(D) (the offense involved more than 600 images).

## ADJUSTED OFFENSE LEVEL

12.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is 40.

## ACCEPTANCE OF RESPONSIBILITY

13.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a **total offense level of 37.**

## CRIMINAL HISTORY CATEGORY

14.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15.     It is the understanding of the government and the defendant that, with a total offense level of 37 and criminal history category of I, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of

imprisonment of **210 to 262 months**, **a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life.**  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

16.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.   The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

17.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.     STATUTE OF LIMITATIONS

18.     In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.   This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty pleas or vacating of

the convictions becomes final.


## V.   GOVERNMENT RIGHTS AND RESERVATIONS


19.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.   oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.


20.   At sentencing, the government will move to dismiss the Criminal Complaint in

this action pending against the defendant under Docket No. 18-MJ-511.

21.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.     APPEAL RIGHTS

22.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph **15** above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.     The government waives its right to appeal any component of a sentence imposed by the Court, which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph **15**, above, notwithstanding the manner in which the Court determines the sentence.  However, in the

event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE PROVISIONS

25.    As a result of his conviction for the foregoing offenses alleged in Counts 1 through 3 of the Information, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3), any property which contains a visual depiction of child pornography and any and all property, real and personal, used, or intended to be used to commit or to promote the commission of such offense and all property traceable to such property, including but not limited to the following:

**a.    REAL PROPERTY**

$11,501.50 in lieu of forfeiture of The Premises and Real Property With Buildings, Appurtenances, and Improvements at 113 Jason Drive, Newark, New York, That is, All That Tract or Parcel of Land, Situate in The Town of Arcadia And Village of Newark, County of Wayne, State of New York, and More Particularly Described in a Certain Deed Recorded in The Wayne County Clerk's Office in Instrument Number R9084805. The defendant agrees, as part of this agreement that the defendant will make, or cause to be made, a payment to the government in the total amount of $11,501.50 United States currency in the form of a certified check, at the time of the plea hearing in substitution for the forfeiture of the defendant's interest in the aforementioned premises and real property.

**b.    ELECTRONIC EQUIPMENT**

(1) One, Lenovo Laptop Computer, Model: THINKPAD X220, bearing serial number: R9-FCXE3;

(2) One, Canon Digital Camera with SD Card , Model: POWERSHOT SX110, bearing serial number 93256-PC1311;

-12-

(3) One, Infinitive USB Thumb drive, Model: 64 GB, bearing serial number BN160625517B;

(4) One, HC Toshiba SD Card, Model: 4 GB, bearing serial number 1348WK5497T;

(5) One, Apple Cell Phone, Model: IPhone 4, A1349 bearing serial number BCGE2422B;

(6) One, Apple Cell Phone, Model: iPhone 5S, A1533, bearing serial number 536965064366192;

(7) One, Nikon Digital Camera, Model: Coolpix L100, bearing serial number 30300394;

(8) One, PNY USB Thumb drive, Model: 32 GB, bearing unknown serial number;

(9) One, PNY SD Card, Model: Optima 2 GB, bearing serial number 0922T00440D; and

(10)    One, SanDisk Micro SD Card with Adapter, Model: HC 16 GB, bearing serial number 3384DG62M1CN.


c.    **OTHER SPECIFIC PROPERTY**

(1) One, anatomically correct, child size, silicone sex doll with replaceable head, one head with blond hair, one head with brunette hair. No visible manufacture or identification number. Doll dressed wearing sheer panties with red hearts and a white sheer see through baby doll style negligée;

(2) One, child size non-anatomically correct doll, dressed in red plaid skirt, red nylon stockings and white blouse with girl walking a horse on the blouse;

(3) One, silicone anatomically correct vaginal and anal region sex toy; and

(4) Two, black file boxes containing binders and books. The binders contain miscellaneous stories allegedly written by the defendant,

DAVID D. BLASCZAK, as well as non-nude images of prepubescent children.

The above items were seized by law enforcement officials based upon the execution of a search warrant.

26.     The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

27.     After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a Preliminary Order of Forfeiture covering the item listed above.  The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture.  The defendant further consents and agrees that the Order of Forfeiture shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

28.     The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument,

-14-

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

29.     The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

30.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets and imposition of a civil penalty. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

31.     The defendant agrees that forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's asset shall not be treated as satisfaction of any fine, restitution, cost of

imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

## VIII.    TOTAL AGREEMENT AND AFFIRMATIONS

32.    This plea agreement represents the total agreement between the defendant, **DAVID D. BLASCZAK**, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

By:    _____
KYLE P. ROSSI
Assistant United States Attorney
Dated:  August /V, 2018

I have read this agreement, which consists of 16 pages.  I have had a full opportunity to discuss this agreement with my attorney, Lawrence Kasperek, Esq.  I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____        _____
DAVID D. BLASCZAK                               LAWRENCE KASPEREK, ESQ.
Defendant                                               Attorney for the Defendant
Dated:   August /((, 2018                          Dated:  August / V, 2018

-16-