UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                              Case # 18-CR-6107-FPG-MJP

                                                                                                  DECISION AND ORDER
DAVID BLASCZAK,
                                  Defendant.
_____

## INTRODUCTION

On December 7, 2018, Defendant David Blasczak was sentenced to the custody of the Bureau of Prisons for a total term of two hundred sixty-two (262) months after pleading guilty to three counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). ECF No. 37. On January 26, 2021, the matter was transferred to this Court for consideration of a third-party Motion to Intervene and Motion to Unseal Documents, ECF No. 43, filed by counsel on behalf of Dr. David Hannan ("Hannan"). Hannan and the Defendant are former business partners and are co-defendants in a civil suit in state court brought pursuant to New York's Child Victims Act.

Defendant, the Government, and United States Probation and Pretrial Services filed responses to Hannan's motion. ECF Nos. 45, 46, 47. For the reasons that follow, Hannan's Motion to Intervene is GRANTED, and Hannan's Motion to Unseal is DENIED.[1]

---

[1] Though Hannan's letter motion did not explicitly move to intervene, the Court construes the motion to unseal as requesting intervention for the limited purpose of moving to unseal the documents at issue. *See In re Sealed Search Warrants Issued June 4 and 5, 2008*, No. 08M208 (DRH), 2008 WL 5667021, at *1 n.1 (N.D.N.Y. July 14, 2008). The motion to intervene for that purpose is GRANTED.

## LEGAL STANDARD

"In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court held that there is a common law 'presumption . . . in favor of public access to judicial records.'" *United States v. Sater*, No. 98-CR-1101 (ILG), 2019 WL 3288389, at *2 (E.D.N.Y. July 22, 2019) (citing *Nixon*, 435 U.S. at 602). The Second Circuit has set out a three-step inquiry "[t]o determine whether the presumption attaches to a particular record." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

"First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Id.* If the record is deemed a judicial document, the court moves to the second step and "determine[s] the weight of the presumption of access to that document." *Id.* (citation & internal quotation marks omitted). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."[2] *Id.*

## DISCUSSION

In his motion, Hannan requests the following documents: (1) Financial Affidavit (ECF No. 12); (2) Sealed Attorney Affirmation with exhibits re: Motion to Withdraw (ECF No. 13); (3) Presentence Investigation Report (ECF No. 25); (4) Revised Presentence Investigation Report (ECF No. 28); (5) Sentencing Recommendation (ECF No. 29); (6) Revised Presentence

---

[2] In addition to the presumptive right of public access at common law, from which the three-step inquiry above is derived, the Second Circuit has held "that the public's presumptive right of access to judicial records is also independently secured by the First Amendment." *Mirlis*, 952 F.3d at 58 n.5 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016)). "To determine whether the First Amendment right attaches, we have applied an 'experience and logic' test, examining '(a) whether the documents have historically been open to the press and general public (experience) and (b) whether public access plays a significant positive role in the functioning of the particular process in question (logic).'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239 (2d Cir. 2014)). Because Hannan does not rely on a constitutional analysis in support of his position, the Court does not consider any possible constitutional issues. *See Mirlis*, 952 F.3d at 58 n.5.

Investigation Report (ECF No. 34); and (7) Statement of Reasons (ECF No. 38).³ *See* ECF No. 43. The Court considers first Hannan's right to access the Presentence Investigation Reports (ECF Nos. 25, 28, 34) (the "PSRs").

**I.   PSRs**

"Presentence reports . . . are not considered public documents under the common law." *United States v. Munir*, 953 F. Supp. 2d 470, 476 (E.D.N.Y. 2013). Indeed, such reports "are not public records but rather confidential reports to the trial judge for use in his effort to arrive at a fair sentence." *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008). "While it is true that presentence reports are relevant to the performance of the judicial function and useful in the judicial process, the same could be said of many other internal court documents to which a common law right of access indisputably does not attach, such as bench memoranda or early, unpublished drafts of judicial opinions." *United States v. Sater*, No. 98-CR-1101 (ILG), 2019 WL 3288389, at *2 n.3 (E.D.N.Y. July 22, 2019) (citation & internal quotation marks omitted).

"Under *United States v. Charmer Industries, Inc.*, 711 F.2d 1164 (2d Cir.1983), third parties must satisfy a heightened standard in order to obtain access to a PSR, which is a sealed 'court document designed and treated principally as an aid to the court in sentencing.'" *Roe v. United States*, 428 F. App'x 60, 66 (2d Cir. 2011) (summary order) (citing *Charmer Indus., Inc.*, 711 F.2d at 1176). "Specifically, a third party seeking access to a PSR bears the burden of making a 'compelling demonstration that disclosure of the report is required to meet the ends of justice.'" *Id.* (citing *Charmer Indus., Inc.*, 711 F.2d at 1175).

---

³ Hannan's initial letter request to Judge Siragusa, ECF No. 42, also requested: Motion for Protective Order (ECF No. 26); Statement with Respect to Sentencing Factors by David Blasczak (ECF No. 31); Letter (ECF No. 32); Statement with Respect to Sentencing Factors by USA (ECF No. 33); and Transcript (ECF No. 40). However, these documents are not maintained under seal, are publicly available, and Hannan's motion did not include them. *See* ECF No. 43.

Here, Hannan argues that the disclosure of the PSRs is warranted "in order to evaluate what the allegations were in the 2018 criminal proceedings, what admissions were made by Dr. Blasczak, whether the plaintiffs in the Child Victims Act suit made any statements, and whether there is overlap between the statements made in the 2018 criminal sentencing proceedings and the statements made in the civil suit." ECF No. 43 at 2. In further support of his request, Hannan's counsel asserts that:

> [T]he circumstances of the 2018 criminal case and the Child Victims Act case significantly reduce any potential privacy issues. The plaintiffs in the Child Victims Act case have both effectively waived their privacy interest by filing a lawsuit which has a high probability of having overlap with the 2018 criminal proceeding. Because of their suit, the plaintiffs have opened the door to the unsealing of documents which may pertain to their claims against my client Dr. Hannan.

*Id.*

The Court has considered these arguments and finds that Hannan has failed to make a "compelling demonstration that disclosure of the report[s] is required to meet the ends of justice." *See Charmer Indus., Inc.*, 711 F.2d at 1175. First, evaluation of both the general nature of the allegations, and specific incidents, in the 2018 criminal proceedings can be accomplished by reviewing publicly available documents, including the transcript from the sentencing proceedings, ECF No. 40, and the parties' statements with respect to sentencing factors, ECF No. 32, 33. Indeed, the Government's statement contains detailed descriptions of Defendant's conduct and descriptions of specific incidents. ECF No. 33 at 4-17. Because this information is available in other publicly available documents, Hannan's desire to evaluate the allegations against Defendant does not warrant disclosure of the PSRs. *See Charmer Indus., Inc.*, 711 F.2d at 1177 ("A central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources.").

Next, the Court considers Hannan's argument that disclosure of the PSRs is necessary for him to ascertain what admissions Defendant made, whether the plaintiffs in the Child Victims Act suit made any statements, and "whether there is overlap between the statements made in the 2018 criminal sentencing proceedings and the statements made in the civil suit." ECF No. 43 at 2. Statements made in PSRs are of "dubious" value in civil litigation. *See Roe*, 428 F. App'x at 67 (noting that PSRs are "ultimately inadmissible" and that they were "of dubious utility in [a related] civil case"). Due to the nature of PSRs and their preparation, statements contained therein present several concerns, including:

> [N]o formal limitations inhibit the collection of information for such reports. The reports frequently contain hearsay and information not relevant to the crime charged. If a defendant challenges the accuracy of a statement in the report, the court may, in its discretion, decline to hold an evidentiary hearing with respect to the challenges. Even where an evidentiary hearing is convened, the government may be permitted to rest simply on proof that the source of the probation officers' hearsay information is reliable and be excused from producing—or identifying— an informant who provided the disputed information. Hence there may be no opportunity, even at a hearing, for the defendant to confront the maker of the disputed hearsay statement.

*Charmer Indus., Inc.*, 711 F.2d at 1175. Accordingly, the Court finds that Hannan's desire to review and evaluate any statements by Defendant and the civil suit plaintiffs does not warrant disclosure of the PSRs.

Finally, the Court considers Hannan's argument that the plaintiffs in the Child Victims Act case have "effectively waived their privacy interest by filing a lawsuit which has a high probability of having overlap with the 2018 criminal proceeding," thus "open[ing] the door to the unsealing." The Court rejects this argument. Were the Court to follow this logic, every victim of a federal crime seeking recovery against a criminal defendant in a civil matter would open the door to the unsealing of the PSR. This Court adheres to "the prevailing judicial view" that the public availability of presentence reports as a matter of course "would likely inhibit the flow of

information to the sentencing judge." *Charmer Indus., Inc.*, 711 F.2d at 1173. While there is no "outright prohibition on disclosure of [PSRs] to third persons," the burden of disclosure is high and Hannan has failed to meet it here.[4] *Id.* Hannan's request to unseal the PSRs is DENIED.

## II.     Other Documents

The Court turns next to Hannan's request to unseal the remaining documents: Financial Affidavit (ECF No. 12); Sealed Attorney Affirmation with exhibits re: Motion to Withdraw (ECF No. 13); Sentencing Recommendation (ECF No. 29); and Statement of Reasons (ECF No. 38).

First, the Court considers the Sentencing Recommendation, ECF No. 29, and the Statement of Reasons, ECF No. 38. The Sentencing recommendation was prepared by Probation, thus, like the PSRs, it likely does not qualify as a "judicial document." *See Dare*, 568 F. Supp. 2d at 244. The Statement of Reasons is marked "Not for Public Disclosure" at the top of the page and is an "internal court document[ ] to which a common law right of access indisputably does not attach." *See Sater*, 2019 WL 3288389, at *2 n.3. Both the Sentencing Recommendation and Statement of Reasons "contain[ ] information sourced from the PSR," *see Doe v. Lerner*, 688 F. App'x 49, 51 (2d Cir. 2017) (summary order), and thus implicate the same concerns discussed above with respect to the PSRs. Hannan has not made a "compelling demonstration" that disclosure of these documents is required to meet the ends of justice. To the extent these documents are judicial documents, the balance of factors weighs against their disclosure. Thus, Hannan's request to unseal these documents is DENIED.

---

[4] The Court is also independently persuaded by the reasoning in the Government's opposition brief which points out the speculative nature of Hannan's request, considering that: (1) Hannan has not identified the plaintiffs in the civil lawsuit, thus the Court cannot determine which victims mentioned in the PSRs, if any, are participating in the civil lawsuit; and (2) Hannan merely asserts that information in the PSRs "*may* pertain" to the claims in the civil suit. ECF No. 45 at 2 (emphasis added).

Next the Court, considers Hannan's request to unseal the Sealed Attorney Affirmation with exhibits re: Motion to Withdraw (ECF No. 13). This document contains information regarding the attorney-client relationship between defense counsel and Defendant. The Court has considered the balancing of the countervailing interests, *see Mirlis*, 952 F.3d at 61, and has concluded that any potential public right of access to this document and its contents is heavily outweighed by the sacrosanct privacy interests afforded to attorney-client relationships. Hannan's request to unseal this document is therefore DENIED.

Finally, the Court has examined the Financial Affidavit (ECF No. 12) and finds that countervailing interests weigh in favor of maintaining this document under seal. The affidavit contains Defendant's personal and sensitive financial information, including income, assets, debts, and obligations. This document was submitted in furtherance of Defendant's request for an attorney, expert, or other services without payment of a fee. *See* ECF No. 12. Any public interest in the information therein is outweighed by Defendant's privacy interest and the Court's need to obtain accurate financial information submitted by criminal defendants in order to evaluate defendants' entitlement to services without payment. *C.f. United States v. Starr*, No. 10 CR 520(SAS), 2011 WL 1796340, at *1 (S.D.N.Y. May 2, 2011) ("[B]oth the legislature and the judiciary favor the protection of a victim's financial information, submitted in furtherance of restitution and the imposition of a fair sentence, weighs heavily in favor of shielding this information from public disclosure.").

## CONCLUSION

For the foregoing reasons, Hannan's Motion to Intervene is GRANTED; and Hannan's Motion to Unseal is DENIED.

IT IS SO ORDERED.

DATED:   April 7, 2021
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court